United States District Court
Southern District of Texas

**ENTERED**
September 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA ADLER, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02381 |
| | § | |
| ENERGY DEBT HOLDINGS LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Appellant's Brief (Doc. #6), Appellee's Brief (Doc. #8), Appellant's Reply Brief (Doc. #11), and the Bankruptcy Record on Appeal (Doc. #4). Having reviewed the parties' briefs, the appellate record, and the applicable law, the Court affirms the bankruptcy court's ruling.

### I.  Background

#### a.  Factual Background

Prior to the Petition Date, Sourcewater, Inc. (the "Debtor") incurred three relevant obligations. First, the Debtor executed a Senior Secured Credit Note in favor of Energy Debt Holdings, LLC ("EDH") on December 22, 2021, secured by substantially all of Debtor's assets (the "EDH" Note). R.000011–21. Second, the Debtor executed a Revolving Credit Note in favor of Joshua Adler ("Adler") dated December 10, 2020, also secured by substantially all of Debtor's assets (the "Revolving Credit Note"). R.004540–4547. On December 22, 2021, Adler executed a Subordination and Intercreditor Agreement subordinating his Revolving Credit Note to the EDH Note. R.000444–448. Third, the Debtor owed the U.S. Small Business Administration ("SBA")

on an Economic Injury Disaster Loan (the "SBA Note") dated May 16, 2020, as modified September 15, 2021, and April 27, 2022. R.000023–32. The EDH Note states that the EDH Note is junior and subordinate to the SBA Note. R.002071.

### b. Procedural Background

On March 17, 2023, the Debtor filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), initiating Bankruptcy Case No. 23-30960 (the "Bankruptcy Case") before Judge Jeffrey P. Norman. On May 1, 2023, the Bankruptcy Court entered a Final Cash Collateral Order (the "Cash Collateral Order"), which validated EDH's secured claim and provided that unless a challenge was filed within ninety days of the Petition Date (the "Challenge Period"), EDH's claim would be deemed allowed and not subject to any defenses, including contractual or equitable subordination. R.000060–61 ¶¶ 14, 15. The Cash Collateral Order stated that absent a timely filing, such challenges would be "forever waived and barred." R.000061 ¶ 15. No challenge was filed. *See* R.004354 ("No party in interest filed a Challenge as set forth in the Cash Collateral Order.")

On November 28, 2023, the Bankruptcy Court entered a Confirmation Order confirming the Debtor's Second Amended Plan of Liquidation (the "Plan"). R.000067–75. The Confirmation Order provided that EDH "will have first priority to any payments provided for in the Plan" among EDH, Adler, and the SBA. R.004213. The Confirmation Order further preserved subordination rights "to the extent that such rights were preserved consistent with the [Cash Collateral Order.]" *Id.* On March 27, 2024, the day before a scheduled sale hearing, Adler initiated Adversary Proceeding No. 24-03049 (the "Adversary Proceeding"). Doc. #4, Ex. 2 at 2.

The Adversary Proceeding was related to the Bankruptcy Case and was also assigned to Judge Jeffrey P. Norman. Adler's Original Complaint sought declaratory judgment that the SBA

2

Note, which Adler had acquired by agreement on February 20, 2024, is senior in payment priority to the EDH Note, and that the EDH Note is subordinated to the SBA Note. R.000005-34. On April 26, 2024, EDH filed a Motion to Dismiss. R.000035–000204. On June 4, 2024, the Bankruptcy Court dismissed the Adversary Proceeding (the "Dismissal Order"), citing judicial estoppel. R.000229-232. On June 6, 2024, the Bankruptcy Court entered its Order on Motion for Entry of Order to Enforce (the "Sanctions Order"), finding that Adler acted in bad faith by filing the Adversary Proceeding and further imposing a $25,000 sanction against Adler payable to EDH. R.004353–4357.

On June 25, 2024, Appellant Adler filed the instant bankruptcy appeal challenging the Bankruptcy Court's June 4, 2024, Dismissal Order. Doc. #1. The Court notes that two related bankruptcy appeals are pending before this Court. In this case, Adler seeks review of the Dismissal Order. Doc. #6. In the companion appeal (4:24-cv-02369), Adler challenges the Bankruptcy Court's Sanctions Order. For clarity, the Bankruptcy Court's Dismissal Order is the subject of this Order.

## II.     Legal Standards

### a.  Appellate Review

A federal district court has jurisdiction to hear appeals from final judgments or orders of the bankruptcy courts. 28 U.S.C. § 158(a)(1). District courts review a bankruptcy court's findings of fact for clear error, and its legal conclusions de novo. *See In re Bradley*, 588 F.3d 254, 261 (5th Cir.2009). A bankruptcy court's grant of a Rule 12(b)(6) motion to dismiss is reviewed de novo. *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306 (5th Cir. 2021).

### b. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint need not contain 'detailed factual allegations'; rather, it need only allege facts sufficient to 'state a claim for relief that is plausible on its face.'" *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "Significantly, a complaint may proceed even if 'recovery is very remote and unlikely,' so long as the alleged facts 'raise a right to relief above the speculative level.'" *Littell*, 864 F.3d at 622 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The Court takes "the well-pleaded factual allegations in the complaint as true" but does "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). Furthermore, courts may "consider documents attached to the Rule 12(b)(6) motion 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

### III.   Analysis

This appeal challenges the Bankruptcy Court's June 4, 2024, Dismissal Order in the Adversary Proceeding. Doc. #6. In the Adversary Proceeding, Adler sought a declaratory judgment that the SBA Note, which Adler had acquired by agreement, is senior in payment priority to the EDH Note. R.000005-34. The Bankruptcy Court dismissed Adler's Complaint on the theory of judicial estoppel. R.000229–232. The Bankruptcy Court relied on SBA's on-the-record concession at a hearing held on November 3, 2023, in the underlying bankruptcy proceeding that

4

it was in "second position." *Id.* On appeal, Adler challenges the Bankruptcy Court's rationale, arguing that SBA's concession addressed its lien status, not payment priority, and further contends that the elements of judicial estoppel have not been satisfied. Doc. #6. A district court reviewing a bankruptcy appeal may affirm on any ground supported by the record, including grounds not reached by the bankruptcy court. *See Hammervold v. Blank*, 3 F.4th 803, 813 (5th Cir. 2021).

Here, the Court finds that both the Cash Collateral Order and the Confirmation Order independently bar the Adversary Proceeding. Federal courts must enforce bankruptcy orders as written, and those orders carry preclusive effect according to their own terms. *See In re Highland Hills, Ltd.*, 232 B.R. 868, 870 (N.D. Tex. 1999) ("The terms of an unambiguous court order are interpreted according to their plain meaning and are enforced as written."). First, the plain text of the Cash Collateral Order is dispositive. It required any adversary or contested matter "challenging the . . . priority . . . of the obligations in respect of the EDH [Note]" to be brought no later than 90 days after the Petition Date—June 15, 2023. R.000060. The Cash Collateral Order defined barred "Claims and Defenses" to include "subordination (whether equitable, contractual, or otherwise)" and provided that untimely challenges would be "forever waived and barred." R.000061. In the Adversary Proceeding, filed more than nine months after the deadline, Adler sought a declaratory judgment that the EDH Note is subordinated to the SBA Note. R.000005-34. Such a request constitutes both a priority challenge and an assertion of contractual subordination. Because this challenge was not timely filed, the Court finds Adler's claim is barred under the plain terms of the Cash Collateral Order.

Second, the Confirmation Order independently precludes Adler's Adversary Complaint. The Confirmation Order "modifie[d]" plan distributions to provide that EDH "will have first priority to any payments provided for in the Plan" among SBA, EDH, and Adler, and it preserved

5

subordination rights only "to the extent . . . preserved consistent with the [Final Cash Collateral Order]." R.004213. As discussed, the subordination claim asserted by Adler in the Adversary Proceeding was not preserved consistent with the Cash Collateral Order. Consequently, Adler's subordination claim is barred under the Confirmation Order.

The Court must enforce the Bankruptcy Court's Cash Collateral Order and Confirmation Order according to their terms, which plainly foreclose the Adversary Proceeding. *See In re Munn*, 643 B.R. 141, 153 (N.D. Tex. 2022) ("The plain text of an unambiguous order controls."). Because the plain language of these Bankruptcy Orders provides sufficient basis for dismissal, the Court need not reach the Bankruptcy Court's alternative rationale of judicial estoppel.

## IV.    Conclusion

In conclusion, the Bankruptcy Court's June 4, 2024, Order granting Energy Debt Holdings LLC's Motion to Dismiss is AFFIRMED. This appeal is hereby DIMISSED.

It is so ORDERED.

**SEP 2 4 2025**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

6